**Gordon R. KIMBROUGH,**
**Petitioner–Appellant,**

v.

**Humani HENRY, Warden,**
**Respondent–Appellee.**

No. 99–15549.

D.C. No. CV–97–04096 MHP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2001.

Decided July 2, 2001.

Before PREGERSON, FERGUSON, and HAWKINS, Circuit Judges.

### MEMORANDUM *

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Gordon R. Kimbrough ("Kimbrough") appeals the district court's denial of his 28 U.S.C. § 2254 petition. Kimbrough seeks federal habeas relief from his state court conviction for first-degree murder of his fiancee, Kristy Ramsey, on the ground that he was denied his constitutional right to the effective assistance of counsel. We affirm.

On the morning of June 21, 1993, police found Kimbrough in the bedroom of the apartment he shared with Ramsey. Ramsey's dead body was lying on the floor nearby. There were contusions on Ramsey's face, her neck had been stabbed straight through with a knife, and an electrical cord had been wrapped repeatedly around her throat and secured with a knot.

At his trial for Ramsey's murder, Kimbrough took the stand in his own defense. Kimbrough testified that he punched, stabbed, and strangled Ramsey on the night of June 20. Kimbrough further testified that he had committed these acts in the heat of passion after Ramsey informed him that she was breaking off their engagement. The prosecution introduced forensic evidence concerning the extent of Ramsey's injuries, witness testimony that the attack had gone on for at least eight minutes, and evidence that Kimbrough had behaved obsessively and abusively toward Ramsey in the past. The prosecution argued that these facts, taken together, were inconsistent with Kimbrough's heat of passion defense because they tended to show that Kimbrough killed Ramsey with planning and deliberation. The jury returned a verdict of first-degree murder and Kimbrough received a prison sentence of twenty-seven years to life.

In his habeas petition, Kimbrough argues that defense counsel's performance was deficient. Specifically, Kimbrough contends that counsel failed to investigate and present evidence that Kimbrough suffered from a narcissistic personality disor-der, which would have corroborated Kimbrough's testimony that he killed Ramsey in the heat of passion. Kimbrough argues that defense counsel's deficient performance prejudiced him because, had the jury learned of his narcissistic personality disorder, there is a reasonable probability that he would have been convicted of voluntary manslaughter instead of first-degree murder. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that a showing of ineffective assistance of counsel requires defendant to prove that his attorney's performance was deficient and prejudicial).

Kimbrough's habeas petition is governed by the standard of review set forth under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d)(1). To obtain habeas relief under AEDPA, Kimbrough must show that the state court's denial of his ineffective assistance of counsel claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.*

The state court properly applied the *Strickland* standard in analyzing Kimbrough's ineffective assistance of counsel claim, and the Supreme Court has deemed *Strickland* "clearly established law" for the purposes of AEDPA. *Williams v. Taylor*, 529 U.S. 362, 390–91, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Thus, to obtain habeas relief, Kimbrough must show that the state court's denial of his ineffective assistance of counsel claim resulted in a decision that involved an "unreasonable application of" *Strickland*.

Under *Strickland*, "[j]udicial scrutiny of counsel's performance must be highly deferential." 466 U.S. at 689, 104 S.Ct. 2052. Applying this deferential standard to a claim that counsel failed to investigate a

certain defense, the *Strickland* Court stated, "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.I" *Id.* at 690–91, 104 S.Ct. 2052. Kimbrough's attorney stated that he did not investigate or present a narcissistic personality disorder defense because he believed that the prosecution would introduce highly damaging evidence in rebuttal that Kimbrough had a history of physical abuse towards his first wife.

We agree with the district court that "Kimbrough's history of beating his first wife, including attempting to strangle her-the same method used to kill his current girlfriend-presented a huge problem for [defense counsel] and he rightly gave it considerable weight in deciding whether to present mental state evidence." We also agree with the district court that "it was almost certain" that the trial court would have admitted the evidence concerning Kimbrough's assaults on his first wife had defense counsel introduced evidence that Kimbrough suffered from a narcissistic personality disorder. Therefore, we find that counsel's decision to forego presenting evidence that Kimbrough suffered from a narcissistic personality disorder was a reasonable strategic choice.

Because we conclude that counsel's performance was not deficient under *Strickland*, we need not analyze whether Kimbrough suffered prejudice.

We find that the state court's decision rejecting Kimbrough's ineffective assistance of counsel claim was not "unreasonable" under AEDPA.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.

The district court's denial of Kimbrough's petition for habeas relief is AFFIRMED.